IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ECOLAB INC. and NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water,

    Plaintiffs,                                OPINION & ORDER

    v.                                                23-cv-102-wmc

JESSICA GRAILER,

    Defendant.
_____

        The court held a hearing on March 30, 2023, to address plaintiff Ecolab Inc.'s and Nalco LLC's pending motion for a TRO and Preliminary Injunction (dkt. #12) and the parties' respective motions for expedited discovery (dkts. ##21. 25). Plaintiffs appeared by Daniel Lanciloti and James Hux, Jr., as well as by corporate representative Joshua Galliart. Defendant appeared in person and by Johanna Wilbert and Michael Carwin. For reasons explained more fully on the record, the court ruled as follows.

## BACKGROUND

        Plaintiffs Ecolab and Nalco (collectively "Nalco") are in the industrial process and water treatment business. Defendant Jessica Grailer had worked as an account manager for Nalco since 2012, before leaving to join competitor ChemTreat in January 2023. Nalco claims that Grailer downloaded various trade secrets and confidential information before and after she left its emply, including customer information, sales and pricing information, proprietary product information and chemical formulas, among other items, all in violation

1

of the (1) Defend Trade Secrets Act, (2) Wisconsin Trade Secrets Act, (3) Computer Fraud and Abuse Act, and (4) breach of contract.  However, plaintiffs have yet to provide the court with any specific examples of the information taken.  Nalco further contends that it needs preliminary injunctive relief to prevent Grailer from providing trade secrets and confidential information to her new employer.

Nalco's evidence of misappropriation of trade secrets comes primarily from the declaration of Laurence Lieb, a computer forensic examiner.  (Dkt. #13-3.)  After examination of Grailer's company-issued laptop and her two work iPhones, Lieb declares that after giving notice of resignation to her supervisor on January 8, 2023, Grailer: (1) "exfiltrated" Nalco files, which the court takes to mean surreptitiously took those files; (2) likely accessed and downloaded from Nalco's cloud storage to an external USB device and phone attached to her work laptop; and (3) factory reset one of her company iPhones to prevent tracing of her activities.  Nalco also submitted four summary spreadsheets of specific documents that it claims Grailer wrongfully took with her.  *See* Pltfs' Memo. In Support of TRO/PI (dkt. #13), Exs. E-H (dkt. ##13-8 through 11).  Nalco also submitted the declaration of Grailer's immediate supervisor, Joshua Galliant, who identified these documents as generally containing "confidential information that is valuable to the company . . . which we would not want in the hands of competitors."  (Dkt. #14, ¶ 13.)

Grailer responded by submitting a declaration from her own forensic computer expert, Bruce Pixley, who criticizes Lieb's qualifications, methods and conclusions, while also declaring that his own forensic examination of Grailer's personal computing devices reveal none of the documents that plaintiffs have accused Grailer of taking.  Grailer also

submitted two, additional declarations of her own (dkts. ##28, 31) stating that: (1) she did *not* download any of plaintiffs' files for her personal use or to bring to her new employer; (2) if she accessed any documents after giving notice but before leaving her employ, it was to respond to her supervisor Galliart's request for information about her ongoing customer projects; (3) she factory reset her phone because she also used the phone for personal business; and (4) her supervisor was not only well-aware that she factory reset her phone, but even discussed wiping it clean himself. Finally, Grailer submitted text messages she exchanged with her supervisor regarding work issues after giving her resignation notice (dkt. #28-2), as well as text messages with another Nalco employee regarding how to factory reset her phone (dkt. #28-1).

OPINION

As discussed above and during the preliminary injunction hearing, plaintiffs' supporting declarations and documents have yet to demonstrate a likelihood of their prevailing on claims for misappropriation of trade secrets, violation of the CFAA or breach of contract by virtue of a failure to disclose, even to the court, the specific nature of the information that defendant Grailer may or may not have taken with her and used with her new employer, ChemTreat. The lone exception is with respect to defendant's apparent breach of her employment contract in wiping clean one of her Nalco iPhones before returning it, though even then, the defendant has provided a potentially innocent explanation. In short, additional discovery will be necessary before the plaintiffs can show

3

a likelihood of success on the merits of any of their claims, much less actual injury or damages, even with respect to the wiped phone.

Having said that, the court will grant the parties' cross-motions for expedited discovery as follows:

1. On or before April 10, 2023, both parties shall provide written responses to other side's discovery requests as attached to their respective motions, and within four days thereafter produce responsive documents.

2. Should there be any remaining disputes as to these discovery obligations, counsel for the parties are to meet in good faith to promptly resolve those disputes under Fed. R. Civ. P. 26, then to return to the court should there be any remaining disputes.

3. Both sides may have seven days to propose up to three individuals to act as a neutral, computer forensic expert in this case. The court will then select a neutral expert to be compensated 50/50 by the parties on a monthly basis, who shall be directed to coordinate with the parties and their respective expert to arrange an examination of the forensic images saved of defendant's personal iPhone (a 12S mini) and iCloud information for any phone for past or present evidence of documents identified in Exs. E – H (dkt. #13-8 through 11) being in Jessica Grailer's possession on or after December 20, 2022.

4. Following completion and sharing of that examination and plaintiffs' disclosure of specific trade secrets or other confidential business information at issue, the parties may proceed with depositions, beginning with Ms. Grailer and Mr. Galliart.

4

5. The court will hold a telephonic status conference on June 30, 2023, at 3:00 p.m. Plaintiffs' counsel shall initiate that call. The court may be reached at 608-264-5087.

ORDER

IT IS ORDERED THAT:

1. Plaintiffs' motion for a temporary restraining order/preliminary injunction (dkt. #12) is DENIED WITHOUT PREJUDICE.

2. The parties' cross-motions for expedited discovery (dkts. ##21, 25) are GRANTED as set forth above.

Entered this 30th day of March, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge