UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>　　　　Plaintiffs,<br>　　　　　　v.<br>JESSICA GRAILER,<br><br>　　　　Defendant. | Case No. 3:23-cv-00102 |

## JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Standing Order Governing Preliminary Pretrial Conferences, Plaintiffs Ecolab Inc. and Nalco Company, LLC d/b/a Nalco Water (collectively "Nalco" or "Plaintiffs") and Defendant Jessica Grailer ("Grailer" or "Defendant") submit this Joint Preliminary Pretrial Conference Report in anticipation of the Pretrial Conference scheduled for August 31, 2023.

1. **NATURE OF THE CASE**

Nalco has brought claims against Grailer for trade secret misappropriation, violation of the Computer Fraud and Abuse Act, and breach of her employment contract. Grailer denies Nalco's allegations.

2. **RELATED CASES**

There are no related cases.

3. **ISSUES TO BE RESOLVED AT TRIAL**

1

The parties anticipate that the following material factual and legal issues may need to be resolved in the course of this case or at trial:

    a.    **Misappropriation of Trade Secrets.** Whether Nalco's information constitutes trade secret information, and whether Grailer misappropriated Nalco's trade secrets in violation of 18 U.S.C. § 1836 or Wis. Stat. § 134.90.

    b.    **Computer Fraud and Abuse Act.** Whether Grailer wrongfully accessed Nalco's computer network and database without authorization in violation of 18 U.S.C. § 1030. This claim is subject to a pending motion to dismiss (Dkt. 40).

    c.    **Breach of Contract.** Whether Grailer breached the terms of her Employee Agreement with Nalco.

    d.    **Damages.** The amount of damages due to Nalco if:

        a.  Grailer is found to have misappropriated, misused, and/or disclosed Nalco's trade secrets;

        b.  Grailer is found to have wrongfully accessed Nalco's computer network and database without authorization; and

        c.  Grailer is found to have breached her Employee Agreement with Nalco.

    e.    **Injunctive Relief.** Whether an injunction should be entered:

        a.  Prohibiting Grailer from directly or indirectly misappropriating, disclosing, and/or using Nalco's trade secrets;

        b.  Compelling Grailer to return all documents and other materials containing or constituting Nalco's trade secrets; and

        c.  Restraining Grailer from engaging in a competitive business that was developed through the use of Naclo's trade secret information.

  f.  **Attorneys' Fees (to Grailer).** Whether Nalco's trade secret misappropriation claim was made in bad faith, warranting an award of attorneys' fees to Grailer pursuant to 18 U.S.C. § 1836 or Wis. Stat. § 134.90.

  g.  **Attorneys' Fees (to Nalco).** Whether Grailer willfully and maliciously misappropriated Nalco's trade secrets, warranting an award of attorneys' fees to Nalco pursuant to 18 U.S.C. § 1836 or Wis. Stat. § 134.90.

  h.  **Punitive Damages (to Nalco).** Whether Nalco is entitled to an award of exemplary or punitive damages pursuant to 18 U.S.C. § 1836 or Wis. Stat. § 134.90.

The parties reserve the right to raise additional factual and legal issues that may arise through the course of this action.

## 4. AMENDMENTS TO THE PLEADINGS

The parties do not anticipate amendments to the pleadings at this time.

## 5. IDENTITY OF ANY NEW PARTIES

The parties do not anticipate adding any parties to the case at this time.

## 6. ESTIMATED TRIAL LENGTH

The parties estimate that the issues listed above will take a total of up to four (4) days to try to a jury.

## 7. DISCOVERY PLAN/CASE SCHEDULE

The parties, after conferring, were unable to agree upon a single proposed schedule. They each describe their respective proposed schedules below.

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Disclosure of plaintiffs' expert reports | Friday, November 15, 2023 | Friday, October 27, 2023 |

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Disclosure of defendant's expert reports | Friday, December 22, 2023 | Friday, December 22, 2023 |
| Close of fact and expert discovery | Friday, January 31, 2024 | Friday, January 19, 2024 |
| Dispositive and Daubert motions | Friday, February 9, 2024 | Friday, February 2, 2024 |
| Dispositive motion and Daubert responses | Friday, March 8, 2024 | Friday, March 1, 2024 |
| Dispositive motion and Daubert replies | Friday, March 22, 2024 | Friday, March 15, 2024 |
| (1) Rule 26(a)(3) disclosures; (2) motions in limine; (3) proposed voir dire questions, proposed jury instructions, and proposed verdict forms | Friday, June 7, 2024 | Friday, May 31, 2024 |
| (1) Responses to 26(a)(3) disclosures; (2) responses to motions in limine; (3) responses to proposed voir dire questions, proposed jury instructions, and proposed verdict forms | Friday, June 28, 2024 | Friday, June 28, 2024 |
| Final pretrial conference | Tuesday, July 9, 2024 | Tuesday, July 9, 2024 |
| First day of trial | Monday, July 22, 2024 | Monday, July 22, 2024 |

8. **ADDITIONAL MATTERS**

   a. **Initial Disclosures**

Grailer served her initial disclosures on May 10, 2023. Plaintiffs served their initial disclosures on May 15, 2023.

   b. **Electronically Stored Information**

The parties agree to produce all documents electronically, and agree to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information ("ESI"). ESI shall be produced in one or more electronic formats to be agreed upon by the parties. The parties will meet and confer regarding the scope and logistics of document production and/or the number of custodians and search terms for e-discovery.

4

QB\84415025.1

   c. **Protections and Privilege**

The parties have agreed to a protective order governing the exchange of confidential information during discovery.

The parties agree that communications or documents that are privileged or protected as work product and that were generated after the filing of this action on February 23, 2023 need not be included in a privilege log under Rule 26(b)(5).

   d. **Electronic Copies and Service**

Pursuant to Rule 5(b)(2)(E), the parties' consent to service by electronic means. The parties agree that such service shall be complete upon transmission, provided that the sender does not receive any indication that such transmission was unsuccessful. Service of filings may be made through the Court's ECF system. For all other documents, service shall be made to those e-mail addresses for counsel set forth on the Court's electronic docket. Consistent with the practice of this Court and notwithstanding Rule 6(d), the receiving party is deemed to be served on the day the electronic transmission is made.

Respectfully submitted the 28 day of August, 2023.

| | |
|---|---|
| /s/ Daniel F. Lanciloti | /s Johanna M. Wilbert |
| FISHER PHILLIPS LLP | QUARLES & BRADY LLP |
| Daniel F. Lanciloti (admitted *Pro Hac Vice*) | Johanna M. Wilbert (SBN 1060853) |
| Craig R. Annunziata | Shauna D. Manion (SBN 1091704) |
| James M. Hux, Jr. (admitted *Pro Hac Vice*) | 411 East Wisconsin Ave., Suite 2400 |
| J. Michael Honeycutt (admitted *Pro Hac Vice*) | Milwaukee, WI 53202 |
| 10 South Wacker Drive, Suite 3450 | Tel: 414-277-5000 |
| Chicago, Illinois 60606 | johanna.wilbert@quarles.com |
| Telephone: (312) 346-8061 | shauna.manion@quarles.com |
| Fax: (312) 346-3179 | |

| | |
|---|---|
| dlanciloti@fisherphillips.com<br>cannunziata@fisherphillips.com<br>jhux@fisherphillips.com<br>jhoneycutt@fisherphillips.com<br><br>*Attorneys for Plaintiffs* | Matthew Splitek (SBN 1045592)<br>33 East Main Street, Suite 900<br>Madison, WI 53703<br>Tel: 608-251-5000<br>matthew.splitek@quarles.com<br><br>Michael W. Carwin (admitted *Pro Hac Vice*)<br>300 N. LaSalle Street, Suite 4000<br>Chicago, IL 60654<br>Tel: 312-715-5000<br>michael.carwin@quarles.com<br><br>*Attorneys for Defendant* |

QB\84415025.1