UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>JESSICA GRAILER,<br><br>    Defendant. | No. 3:23-cv-00102 |

**PLAINTIFFS' RESPONSE TO DEFENDANT JESSICA GRAILER'S
MOTION TO COMPEL PRODUCTION OF THE MICROSOFT AUDIT LOG
ASSOCIATED WITH HER FORMER ONEDRIVE ACCOUNT**

Plaintiffs Ecolab, Inc. and Nalco Company, LLC (collectively "Plaintiffs"), by and through their undersigned counsel, hereby file their response to Defendant Jessica Grailer's ("Defendant" or "Grailer") Motion to Compel Production of the Microsoft Audit Log Associated with Her Former OneDrive Account ("Motion to Compel"). For the reasons set forth below, this Court should deny the Motion to Compel in its entirety.

**I.   BACKGROUND**

Ecolab and its subsidiary Nalco are global leaders in industrial process and water treatment services. *See* Plaintiffs Verified Amended Complaint ("Complaint") (Doc. No. 34). As set forth in the Complaint, Grailer is a former Account Manager who was engaged in sales for Plaintiffs. Plaintiffs assert claims for trade secret misappropriation against Grailer under Federal and Wisconsin state law. *See Id.*, ¶ 2; Counts I and II, ¶¶ 64-91. Upon voluntarily resigning her employment with Plaintiffs Nalco/Ecolab to join a direct competitor, Grailer misappropriated a large number of Plaintiffs' files containing highly confidential and trade secret information in

contravention of her contractual agreements with and common law obligations to Plaintiffs. *Id.*, ¶¶ 33-49.  After returning her company issued laptop and work phones (one of which had been wiped in contravention of Plaintiffs' policies), Grailer continued to access Plaintiffs' confidential information on Plaintiffs' network. *Id.*, ¶¶ 44-50.

The discovery requests at issue in the Motion to Compel relate to Microsoft audit log data for Grailer's Microsoft 365 account. *See* Doc. No. 66, p. 3; *see also* Decl. of Matthew Splitek (Doc. No. 68, Ex. A, Doc. Request No. 8-9).  As part of Plaintiffs' response to Defendant's First Set of Expedited Requests for Production, Plaintiffs produced an audit log, known as the Digital Guardian Report, for Grailer's Microsoft Office 365 account. *See* Decl. of Matthew Splitek, Ex. I.  In response to Defendant's subsequent request for Grailer's Microsoft audit log data for the period of January 8-January 18, 2023, Plaintiffs directed Defendant to the previously produced Digital Guardian Report. *See* Decl. of Matthew Splitek, Ex. D.

On July 5, 2023, the parties' counsel discussed the request for the audit log data as part of a larger meet and confer discovery conference. *See* Exhibit A, Declaration of James M. Hux, Jr., ¶ 4.  During the conference, counsel for Plaintiffs, James Hux, did not refuse to produce the requested information. *See id*. Rather, counsel indicated that he would confer with the client to determine whether the client could produce a more fulsome report containing audit data from Grailer's Microsoft Office 365 account as requested by counsel.[1]  *See id*.

---

[1] Notably, Grailer's last communication to Ecolab relating to the audit logs prior to filing the Motion to Compel was on July 27, 2023.  *See* Decl. of Matthew Splitek ¶ 11.  In the interim, Ecolab had withdrawn its request for a hearing on its Motion for Preliminary Injunction, which was the underlying basis for the parties' expedited discovery.   *See* Doc. No. 63, Plaintiffs' Notice of Withdrawal of Its Motion for Temporary Restraining Order and Preliminary Injunction.  Given Ecolab's representations, and in consideration of the context of the case, it would have appropriate for Defendant to communicate with counsel with respect to this process before attempting to file a "gotcha" Motion to Compel on August 14, 2023.

2

In response, and on August 16, 2023, Ecolab produced the attached audit file containing Grailer's Microsoft Office 365 log data for the period of January 8, 2023 through January 18, 2023 ("Grailer Audit File"). *See id*. ¶ 6, Exhibit 1 to Hux Decl., Grailer Audit File. Ecolab utilizes a software tool named Elastic Search, which continuously collects data from Microsoft Office 365 and Azure for Ecolab employees and preserves the data in the Elastic Search database. *See* Declaration of Jack Anderson, attached at Exhibit B, ¶ 6. As Ecolab currently employs more than 40,000 employees, Elastic Search helps Ecolab securely store Microsoft Office 365 and Azure data relating to employee file activity. *See id*. ¶ 7. The data associated with Grailer's Microsoft Office 365 account was preserved in the Elastic Search database. *See id*. ¶ 8. To compile the data in the Grailer Audit File, Ecolab ran a query through Elastic Search to download all Microsoft Office 365 audit data relating to Grailer covering the requested period. *See id* ¶ 9. The only search filter used to limit the data was a time filter to limit the data to the requested time period. *See id*. ¶ 10. Therefore, Ecolab has comprehensively produced Grailer's Microsoft Office 365 data that was ingested in the Elastic Search database for the requested time period.

On August 18, 2023, and in an additional good faith effort to resolve this matter, counsel for Ecolab responded to additional requests from Grailer's counsel. *See* Exhibit A**,** Hux Decl. ¶ 7, Exhibit 2 to Hux Decl., August 18, 2023 Email from James Hux. As articulated by Ecolab's counsel in the August 18, 2023 email: "The file that we produced on August 16, 2023, contains the Microsoft Office 365 audit data for Grailer, and in a more comprehensive form than the exemplar file that you referenced. Mechanically, we cannot use the same Export process you described to pull the data from Elastic Search, but regardless, Grailer's Microsoft Office 365 audit data is present in the file that we produced." In other words, what matters is the data that is being

3

produced, not whether Ecolab used a specific mechanical export process (which is not part of the Elastic Search tool).

In consideration of its production, Ecolab has requested that Grailer withdraw the Motion to Compel, as it is clear that Ecolab has produced responsive documents and data. *See id*. ¶ 8. Moreover, and while there is no obligation to do so under Fed.R.Civ.P. 34, Ecolab has in good faith provided additional factual context and responded to questions relating to its production. *See id*. ¶ 7. In response, and on August 23, 2023, Grailer attempted to impose additional burdens on Ecolab not required under Rule 34 through the signing of a sworn Stipulation drafted by Grailer's counsel, which contains Grailer's counsel's representations relating to the data with language relating to sanctions and attorneys' fees. *See id*. ¶ 9. Accordingly, and given the impending deadline to respond to the Motion to Compel, Ecolab files this response.

## II.   ARGUMENT

While Fed. R. Civ. P. 37(b) authorizes a party to move to compel production, "courts have denied such motions as moot when the disclosing party complies with the movant's discovery requests." *Romary Associates, Inc. v. Kibbi LLC*, No. 1:10-cv-376, 2011 WL 4005346, at *2 (N.D.Ind. Sept. 8, 2011) (citing *Carrigan v. K2M, Inc.*, No. 09-CV-3149, 2011 WL 1790423, at *3 (C.D.Ill. May 10, 2011) (denying motion to compel as moot as to discovery already provided); *Merriweather v. Marion Cnty. Sheriff*, No. 1:02-cv-01881-SEB-VS, 2004 WL 1234119, at *3 (S.D.Ind. May 13, 2004) (denying plaintiff's motion to compel as moot because defendant finally complied with discovery request); *see also Ards v. Casiana*, No. 16-cv-341-jdp, 2017 WL 1533461, at *3 (W.D.Wis. April 27, 2017).

Here, and on August 16, 2023, Plaintiffs provided Defendant with an audit log containing Grailer's Microsoft Office 365 account for the responsive period. Therefore, Plaintiffs have fully

and sufficiently responded to Defendant's request for the Microsoft Office 365 audit log data requested for Grailer's account. Accordingly, this Court should deny Defendant's Motion to Compel.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiffs Ecolab, Inc. and Nalco Company, LLC respectfully requests that this Court deny Grailer's Motion to Compel and grant such other relief as deemed appropriate.

Dated:  August 28, 2023

        Respectfully submitted,

        /s/ Daniel F. Lanciloti
        Daniel F. Lanciloti (admitted *Pro Hac Vice*)
        Craig R. Annunziata
        James M. Hux, Jr. (admitted *Pro Hac Vice*)
        FISHER PHILLIPS LLP
        10 South Wacker Drive
        Suite 3450
        Chicago, Illinois 60606
        Telephone: (312) 346-8061
        Facsimile: (312) 346-3179
        dlanciloti@fisherphillips.com
        cannunziata@fisherphillips.com
        jhux@fiherphillips.com

        **ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 28th day of August, 2023, the foregoing **Plaintiffs' Response to Defendant Grailer's Motion to Compel** Production Of The Microsoft Audit Log Associated With Her Former Onedrive Account was electronically filed with the Clerk of Court using the CM/ECF system and was served on the following e-mail:

Johanna Wilbert
Michael W. Carwin
Shauna D. Manion
Matthew Splitek
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202-4428
Johanna.Wilbert@quarles.com
Michael.Carwin@quarles.com
Matthew.Splitek@quarles.com
Shauna.Manion@quarles.com

              Respectfully submitted,

              */s/ Daniel F. Lanciloti*
              One of the Attorneys for Plaintiffs