UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ECOLAB Inc., and NALCO COMPANY LLC
d/b/a Nalco Water, an Ecolab Company and/or
Nalco Water,

    Plaintiffs,

v.

JESSICA GRAILER,

    Defendant.

Case No.: 3:23-cv-00102-wmc

# JESSICA GRAILER'S EMERGENCY MOTION TO SEAL COURT FILINGS THAT PLAINTIFFS HAVE BELATEDLY DESIGNATED AS "HIGHLY CONFIDENTIAL– ATTORNEY'S EYES ONLY"

Solely upon demand by Plaintiffs, Defendant Jessica Grailer hereby moves on an emergency basis to seal the following documents previously filed in this action:

- Dkt. 79, Reply in Supp. Def. Jessica Grailer's Motion to Compel Production of the Microsoft Audit Log Associated with Her Former OneDrive Account.

- Dkt. 80-2, Exhibit B to the Sept. 12, 2023 Declaration of Matthew Splitek.

- Dkt. 80-3, Exhibit C to the Sept. 12, 2023 Declaration of Matthew Splitek.

- Dkts. 113-1 through 113-7 (the exhibits to the Expert Report of Laurence D. Lieb).

- Dkt. 114, including its attachments Dkts. 114-1 through 114-36 (the Expert Report of Bruce W. Pixley and its exhibits).

- Dkt. 115, the Deposition of Laurence D. Lieb.

- Dkts. 119-1, 119-2, 119-3, 119-4, 119-7, & 119-8 (Exhibits A–D & G–H to the Feb. 26, 2024 Declaration of Matthew Splitek).

- Dkt. 120, the redacted version of Jessica Grailer's Brief in Support of her Motion to Strike the Expert Report of Laurence Lieb.

1

The basis for this motion is:

1.  On February 29, 2024, Plaintiff Ecolab notified Grailer's counsel by email that Ecolab was designating numerous documents as "Highly Confidential—Attorneys' Eyes Only" under paragraph 7 of the Agreed Protective Order in this action, which pertains to "inadvertent" failures to designate materials as Confidential or Highly Confidential—Attorneys' Eyes Only. *See* Ex. 1 hereto, Feb. 29, 2024 email at 9:53 a.m.; *see also* Dkt. 35, Agreed Protective Order ¶ 7 ("Inadvertent Failure to Designate and/or Inadvertent Production").

2.  Ecolab also incorrectly claimed in its email that certain documents—Exhibits 10–12 to Laurence Lieb's deposition—were derived from a document previously designated Highly Confidential—Attorneys' Eyes Only when, in fact, such exhibits were derived from a document that Ecolab produced without designation in August 2023 and then publicly filed at Dkt. 74-1. *See* Ex. 1 hereto, Feb. 29, 2024 email at 10:57 a.m.; *id.*, email at 9:53 a.m. (second bullet).

3.  Upon, however, receiving clarification that Exhibits 10–12 to Laurence Lieb's deposition were derived from an undesignated document that Ecolab previously filed in the public record, Ecolab reasserted the new Highly Confidential—Attorneys' Eyes Only designation, extended that designation to cover documents publicly filed in August 2023, and stated that it would be filing its own motion to seal Dkt. 74-1. *See* Ex. 1 hereto, Feb. 29, 2024, emails at 10:57 a.m. & 11:31 a.m.

4.  Ecolab also requested that, in implementation of paragraph 7 of the Agreed Protective Order in this action, Grailer move the court to seal the applicable documents that she filed in the public record before receiving Ecolab's new designations. *See* Ex. 1 hereto, Feb. 29, 2024, emails at 10:57 a.m. and 11:31 a.m.

QB\179859.00001\88582482.1

5. Ecolab's new Highly Confidential—Attorneys' Eyes Only designations cover all the filings listed at the top of this motion, for the following reasons:

- *Dkt. 79*: Ecolab is now designating as Highly Confidential—Attorneys' Eyes Only the entire audit log that it filed at Dkt. 74-1. The contents of that log are discussed in Dkt. 79.

- *Dkts. 80-2 and 80-3* contain excerpts from the audit log that Ecolab filed in the public record but is now designating as Highly Confidential—Attorneys' Eyes Only.

- *Dkts. 113-1 through 113-7*: Ecolab is now designating as Highly Confidential—Attorneys' Eyes Only Exhibit 3 to Laurence Lieb' deposition, and Exhibit 3 to Lieb's deposition contains all the exhibits on file at Dkts. 113-1 through 113-7.

- *Dkt. 114 and Dkts. 114-1 through 114-36*. Ecolab is now designating as Highly Confidential—Attorneys' Eyes Only "any matching or derivative exhibits appended to . . . Lieb's and [Bruce] Pixley's reports . . . that . . . should have been marked Highly Confidential—Attorneys' Eyes Only." *See* Ex. 1 hereto, Feb. 29, 2024 email at 9:53 a.m. Due to the vagueness of that designation, Grailer hereby moves out of caution to seal the entirety of Pixley's report and its exhibits.

- *Dkt. 115*: Ecolab is now designating numerous portions of Lieb's deposition testimony as well as numerous exhibits to his deposition as Highly Confidential–Attorneys' Eyes Only, despite having declined to timely assign any confidentiality designations to such testimony or exhibits pursuant to paragraph 3(d) of the parties' Agreed Protective Order.

- *Dkts. 119-1, 119-2, 119-3, 119-4, 119-7, & 119-8* are exhibits to Laurence Lieb's deposition that Ecolab now is designating as Highly Confidential—Attorneys' Eyes Only.

- *Dkt. 120*: Ecolab is now designating as Highly Confidential–Attorneys' Eyes Only, not only the audit log that it publicly filed in August 2023, but also the Digital Guardian report that Grailer discusses in Dkt. 120. Further, Dkt. 120 contains discussion of multiple other filings that Ecolab is also now designating as Highly Confidential—Attorneys' Eyes Only and demanding that Grailer move to seal.

6. Grailer objects to Ecolab's belated designations and does not believe Ecolab has a basis to designate the aforementioned materials as Confidential, let alone Highly Confidential—Attorneys' Eyes Only. The primary effect of sealing the aforementioned documents, which Ecolab was content to treat as non-confidential until Grailer filed her recent motion, will be to shield from

public view the egregious misconduct that Grailer painstakingly documented in Dkt. 120 and the materials cited therein.

7. Grailer challenges Ecolab's belated designations and reserves her right to move to unseal the documents that, upon Ecolab's demand, she hereby moves to seal.

8. Grailer additionally notes for clarity that, although Ecolab states in Exhibit 1 hereto that Dkt. 54 is and should remain under seal, this Court determined last year, with consent from both sides, that Dkt. 54 should not be sealed. *See* Dkt. 102, Hr'g Tr. at 4:25–5:15.

Respectfully submitted this 29th day of February, 2024.

/s/ Matthew Splitek
Matthew Splitek (SBN 1045592)
QUARLES & BRADY LLP
33 E. Main Street, Suite 900
Madison, WI 53703
(608) 251-5000
matthew.splitek@quarles.com

Johanna M. Wilbert (SBN 1060853)
Shauna D. Manion (SBN 1091704)
QUARLES & BRADY LLP
411 E Wisconsin Avenue
Milwaukee, WI 53202
(414) 277-5000
johanna.wilbert@quarles.com
shauna.manion@quarles.com

Lauren C. Bolcar
QUARLES & BRADY LLP
2020 K Street NW, Suite 400
Washington, D.C. 20006
(202) 372-9600
lauren.bolcar@quarles.com

*Attorneys for Jessica Grailer*