# EX. 1

**Splitek, Matthew J.**

| | |
|---|---|
| **From:** | Yoshimura, David <david.yoshimura@faegredrinker.com> |
| **Sent:** | Thursday, February 29, 2024 11:31 |
| **To:** | Splitek, Matthew J.; Wilbert, Johanna M. (MKE x1495); Chester, Martin S. |
| **Subject:** | RE: Ecolab v. Grailer Case Schedule [QBLLP-ACTIVE.FID42715720] |

Matt,

Thanks for your email. While we do not agree that these requests are "uniformly improper," we appreciate your willingness to take steps pursuant to the protective order at this time. We do respectfully request that you ask the Court to seal filings containing the identified documents. We will of course do the same for Dkt. 74-1 filed by Mr. Hux, and thank you for raising it.

**David Yoshimura**
Partner
david.yoshimura@faegredrinker.com
Connect: vCard [faegredrinker.com]

+1 515 447 4738 direct / +1 515 490 7788 mobile

**Faegre Drinker Biddle & Reath** LLP [faegredrinker.com]
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Splitek, Matthew J. <matthew.splitek@quarles.com>
**Sent:** Thursday, February 29, 2024 10:57 AM
**To:** Yoshimura, David <david.yoshimura@faegredrinker.com>; Wilbert, Johanna M. (MKE x1495) <johanna.wilbert@quarles.com>; Chester, Martin S. <martin.chester@faegredrinker.com>
**Subject:** RE: Ecolab v. Grailer Case Schedule [QBLLP-ACTIVE.FID42715720]

**This Message originated outside your organization.**

David,

We challenge these belated designations and believe they are uniformly improper, but as a "today" issue, I need to know whether Ecolab wants us to ask the Court to seal the publicly-filed information that Ecolab has now designated as Highly Confidential–AEO. You have invoked Section 7 of the Protective Order, which requires us upon receipt of these new designations, to "promptly take the steps reasonably necessary to conform distribution to the categorical designation . . ." I don't know how we could do that without asking the court to seal the publicly-filed documents, but please confirm.

Also, one point of clarification: Exhibits 10–12 to the Lieb deposition are derived from the document that James Hux emailed to us in August 2023 and filed a copy of with the Court. Hux's copy of the source document

has been in the public record since August 2023, and I also filed additional excerpts of it in September 2023. See Dkts. 74-1, 80-2, & 80-3.

Matt

---

**From:** Yoshimura, David <david.yoshimura@faegredrinker.com>
**Sent:** Thursday, February 29, 2024 9:53
**To:** Wilbert, Johanna M. (MKE x1495) <johanna.wilbert@quarles.com>; Chester, Martin S. <martin.chester@faegredrinker.com>
**Cc:** Splitek, Matthew J. <matthew.splitek@quarles.com>
**Subject:** RE: Ecolab v. Grailer Case Schedule [QBLLP-ACTIVE.FID42715720]

Johanna,

I'm following up on your conversation with Marty about confidentiality designations. We have identified a few documents included in Lieb's deposition exhibits (and any matching or derivative exhibits appended to Lieb's and Pixley's reports) that either were or should have been marked Highly Confidential – Attorneys' Eyes Only. In total there are 13 such exhibits to Lieb's Deposition: exhibits 3–12, 35–36, 38.

- Exs 4–9: Digital Guardian Report and excerpts
    - Produced as ECOLAB 004774
    - The production copy does not reflect confidentiality markings, but we are providing notice pursuant to paragraph 7 of the agreed protective order that this document should be designated Highly Confidential – Attorneys' Eyes Only
- Exs 10–12: O365 Audit Log and excerpts
    - Produced as ECOLAB 021859
    - The production copy was designated Highly Confidential – Attorneys' Eyes Only
- Exs 3, 35–36: Screenshots appended to Lieb's report
    - On our review, there is no bates-labelled production copy of these documents
    - These documents do not reflect confidentiality markings, but we are providing notice pursuant to paragraph 7 of the agreed protective order that this document should be designated Highly Confidential – Attorneys' Eyes Only
    - We can issue a conforming production copies if you believe that is necessary for this designation
- Ex 38: Digital Forensics Corp Examination Report
    - Previously filed under seal as Docket Entry 54
    - This document should remain under seal; to the extent necessary, we are providing notice pursuant to paragraph 7 of the agreed protective order that this document should be designated Highly Confidential – Attorneys' Eyes Only

Additionally, in conformance with these notices, we request portions of Lieb's deposition testimony be treated as AEO in light of the testimony discussing the AEO exhibits as reflected in the following page/line notations:

- 40:19–22
- 41:15–42:18
- 42:22–69:10
- 75:13–88:1
- 88:2–93:17
- 102:10–108:7
- 111:22–125:22

- 126:9–181:14
- 298:17–311:8
- 311:9–316:16

Thank you for your collaboration on this issue. Please let us know if there is anything you'd like to discuss.

**David Yoshimura**
Partner
david.yoshimura@faegredrinker.com
Connect: vCard [faegredrinker.com]

+1 515 447 4738 direct / +1 515 490 7788 mobile

**Faegre Drinker Biddle & Reath LLP** [faegredrinker.com]
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Wilbert, Johanna <johanna.wilbert@quarles.com>
**Sent:** Tuesday, February 27, 2024 6:57 PM
**To:** Chester, Martin S. <martin.chester@faegredrinker.com>
**Cc:** Splitek, Matthew J. <matthew.splitek@quarles.com>; Yoshimura, David <david.yoshimura@faegredrinker.com>
**Subject:** Ecolab v. Grailer Case Schedule [QBLLP-ACTIVE.FID42715720]

**This Message originated outside your organization.**

Marty –

Thank you for talking with me today about the case schedule.  Would you be agreeable to the following schedule:

1. We agree to a cease fire in which the parties focus on settlement between now and March 18
2. The parties consent to extend the briefing on the Lieb motion such that Ecolab's response brief will be due Monday, April 1 and Grailer's reply will be due Friday, April 12
3. The parties consent to move summary judgment briefing so that opening briefs are due on April 23
4. Mr. Pixley's deposition will be confirmed for a date after March 18.  Specifically, would Friday, March 23 in Phoenix work?
5. Ms. Grailer can be available Monday, April 1 for a deposition in our Madison office.  Will that date work for your team?

Additionally, on our call you referenced a potential issue with confidentiality designations for documents that were recently filed with the court.  I believe you said you would be sending an e-mail with the docket numbers/descriptions of documents at issue, but I don't believe I have received that e-mail.  Can you let us know specifically the documents are the issue?  We are willing to work with you collaboratively to address the confidentiality issues that you raised, but first need the documents so that we can better understand what happened and our understanding of the designations for those documents.

Best regards,
Johanna



**Johanna Wilbert | Partner**
Johanna.Wilbert@quarles.com | D. 414-277-5495 | M. 262-224-0773
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
BIO | vCard | quarles.com | LinkedIn
Assistant:  Grace Dawson, 414-277-3054

**CONFIDENTIALITY NOTICE:** This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.