UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>                Plaintiffs,<br><br>    v.<br><br>JESSICA GRAILER,<br><br>                Defendant. | Case No. 3:23-cv-00102-wmc |

## BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO SEAL COURT FILING

Defendant Jessica Grailer opposes Plaintiff Ecolab, Inc.'s "Motion to Seal Court Filing Dkt. 74-1" (Dkt. 123).

Ecolab's motion identifies no basis to seal Dkt. 74-1—a document Ecolab itself filed in the public record. The courts do not give any party "carte blanche . . . to seal whatever portions of the record the party want[s] to seal." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); *see also id.* at 945 ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."). Rather, "any motion to maintain the confidentiality of information that fails to 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations' may be denied outright." *Bruzek v. Husky Oil Operations Ltd.*, 520 F. Supp. 3d 1079, 1101 (W.D. Wis. 2021) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Ecolab provides no such analysis.

1

Ecolab has not even shown that Dkt. 74-1 qualifies for discovery protection under the parties' Agreed Protective Order. To do so, Ecolab would need to demonstrate [i] that Dkt. 74-1 qualifies as "Confidential" under the parties' Agreed Protective Order; *and* [ii], since Ecolab publicly filed Dkt 74-1 and assigned it no confidentiality designation, that Ecolab's failure to designate Dkt. 74-1 was "inadvertent." *See* Dkt. 35, Agreed Protective Order ¶ 3(intro.) (material can be designated Confidential or Highly Confidential only if such material "contain[s] information that meets the definition of the selected confidentiality designation"); *id.* ¶ 3(a) (materials must be "clearly and prominently" marked as Confidential or Highly Confidential—Attorneys' Eyes Only before they are provided to the recipient); *id.* ¶ 7 (a party who "through *inadvertence*" fails to timely designate materials does not forfeit the right to designate such materials later (emphasis added)). Ecolab has not made either showing.

Ecolab has not shown that Dkt 74-1 qualifies as "Confidential" under the Agreed Protective Order because Ecolab has identified no basis to conclude that Dkt. 74-1 contains "(a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that a party has maintained as confidential; (d) personal identifying information; or (e) personnel or employment records of a person who is not a party to the case." Dkt. 35, Agreed Protective Order ¶ 2(g) (defining "Confidential"). Ecolab asserts Dkt. 74-1 should be treated, not merely as Confidential, but as *Highly* Confidential—Attorneys' Eyes Only. *See* Dkt. 121-1. This means that Ecolab must claim Dkt. 74-1 contains "business or financial or technical information, trade secrets and business plans that is more sensitive or strategic than Confidential Information, the disclosure of which is likely to significantly harm [Ecolab's] competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court." Dkt. 35, Agreed Protective Order

at p. 3 (Defining "Highly Confidential—Attorneys' Eyes Only"). But Ecolab has not even attempted to make the lesser showing that a "Confidential" designation is justified.

Nor is it apparent how a Confidential, let alone Highly Confidential, designation might be appropriate. Dkt. 74-1 contains a smattering of names of computer files that now are more than one year old. Yet Ecolab itself publicly disclosed the names of many computer files in February and March 2023 court filings where it publicly and falsely accused Grailer of misappropriating such files. *See*, *e.g.*, Dkt. 13-7; Dkt. 13-8; Dkt. 13-9; Dkt. 13-10; Dkt. 13-11; Dkt. 13-14; Dkt. 15, ¶ 17, Table A; Dkt. 38, ¶ 26. Further, even if the mere names of computer files somehow qualified for "Confidential" or "Highly Confidential" protection when Ecolab elected to disclose such files names in early 2023, surely they need not be hidden from the public now. *See DeVere Co., Inc. v. McColley*, No. 14-cv-534-wmc, 2014 WL 6473513, at *8 (W.D. Wis. Nov. 18, 2014) (Even genuine trade secrets are "only valuable for a limited period of time: strategy and marketing plans grow stale; pricing changes; and customer demands shift. . . . [W]hatever value marketing materials, pricing information and even customer lists may have had in the nearer term, it is hard to imagine a scenario where they would not have become common knowledge to active competitors in the market after a full year.").

Additionally, Ecolab has not shown that it "inadvertently" failed to timely designate Dkt. 74-1 as Confidential or Highly Confidential. Until this week, Ecolab deliberately treated the information in Dkt. 74-1 as *non*-confidential at every turn:

- Dkt. 74-1 is a printed version of an Excel spreadsheet titled "O365 Logs for Grailer.xlsx." Ecolab produced that O365 Logs for Grailer.xlsx spreadsheet on August 16, 2023. In doing so, Ecolab assigned the spreadsheet no confidentiality designation. *See* Dkt. 80, ¶¶ 3–4; Dkt. 80-1, Aug. 16, 2023, email at 3:28 p.m.

- Ecolab then publicly filed Dkt. 74-1 on August 29, 2023, almost two weeks after producing the O365 Logs for Grailer.xlsx spreadsheet with no confidentiality designation.

- On September 12, 2023, Grailer's counsel publicly filed excerpts from the O365 Logs for Grailer.xlsx spreadsheet in two separate declaration exhibits. *See* Dkt. 80-2; Dkt. 80-3. Ecolab said nothing.

- On January 18, 2024, Ecolab—now represented by new counsel—participated in a motion hearing relating to the O365 Logs for Grailer.xlsx spreadsheet. *See* Dkt. 101. Ecolab said nothing to assert that either the spreadsheet or the printed version of it that Ecolab had publicly filed at Dkt. 74-1 should be sealed or treated as Confidential or Highly Confidential—Attorneys' Eyes Only.

- On January 22, 2024, Ecolab filed a stipulation specifically discussing the O365 Logs for Grailer.xlsx spreadsheet that Ecolab had publicly filed a copy of at Dkt. 74-1. *See* Dkt. 104. Again, Ecolab said nothing about sealing or designating as confidential Dkt. 74-1 or the information it contained.

- On January 23, 2024, Grailer's counsel examined Ecolab's expert Laurence Lieb regarding the O365 Logs for Grailer.xlsx spreadsheet and excerpts therefrom. *See, e.g.*, Dkt. 115, Dep. of Laurence D. Lieb ("Lieb Dep.") at 112:3–178:13. The exhibits presented to Lieb had no confidentiality designation on their face. Ecolab participated in the full-day deposition and had ample opportunity to assert that such exhibits or Lieb's testimony regarding the exhibits nonetheless should be treated as Confidential or Highly Confidential. Ecolab made no such assertion.

- Lieb's deposition transcript was finalized on January 29, 2024 (*see* Dkt. 115, Lieb Dep. at p. 320) and served on the parties the next day. From that point, Ecolab had two weeks to assign confidentiality designations to any portions of Lieb's testimony that Ecolab or its counsel felt was legitimately confidential. *See* Dkt. 35, Agreed Protective Order ¶ 3(d) ("A person designates information in deposition testimony as Confidential or Highly Confidential—Attorneys' Eyes Only by stating on the record at the deposition that the information is Confidential or Highly Confidential—Attorneys' Eyes Only or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential–Attorneys' Eyes Only."). But Ecolab elected not to assert any confidentiality designation over any of Lieb's testimony or any exhibits introduced during his deposition.

Ecolab changed course only after Grailer moved to strike Lieb's expert report on February 26. *See* Dkts. 113–120. That motion documented conduct by Ecolab and Lieb that Ecolab understandably wants to hide from the public—but not to protect any trade secret or other legitimate confidentiality interest. Only then, Ecolab claimed it had "inadvertently" neglected to designate as Highly Confidential, not only Dkt. 74-1, but also the "Digital Guardian" surveillance

4

report of Grailer's computer activities and many other previously non-confidential documents. *See* Dkt. 121-1. As a result, Grailer's attorneys were compelled to remove the entirety of Grailer's February 26 filings not only from public view—but also from *Grailer's* view going forward, since Ecolab claims the materials it previously treated as non-confidential suddenly qualified for "*Highly Confidential—Attorneys' Eyes Only*" protection. *See* Dkt. 35, Agreed Protective Order ¶¶ 3(b)(i), (iv), (vi), (vii), (x), (xi) & ¶ 4(c) (materials designated as Highly Confidential—Attorneys' Eyes Only and information derived therefrom cannot be disclosed to a party such as Grailer).

Dkt. 74-1 does not qualify for discovery protection under the Agreed Protective Order, and it should not be sealed from public view. "To establish 'good cause' and protect confidential business information under Rule 26(c), the company seeking confidentiality must show a *clearly defined and very serious injury that will result from disclosure.*" *Bruzek*, 520 F. Supp. 3d at 1100 (emphasis added) (quotation marks omitted). Ecolab has not even attempted to make such a showing. Ecolab's decision to publicly file Dkt. 74-1 in August 2023 and to leave that filing in the public record for the past six months should not be undone.

Respectfully submitted this 1st day of March, 2024.

*/s/ Matthew Splitek*
Matthew Splitek (SBN 1045592)
QUARLES & BRADY LLP
33 E. Main Street, Suite 900
Madison, WI 53703
(608) 251-5000
matthew.splitek@quarles.com

Johanna M. Wilbert (SBN 1060853)
Shauna D. Manion (SBN 1091704)
QUARLES & BRADY LLP
411 E Wisconsin Avenue
Milwaukee, WI 53202
(414) 277-5000
johanna.wilbert@quarles.com
shauna.manion@quarles.com

>Lauren C. Bolcar
>QUARLES & BRADY LLP
>2020 K Street NW, Suite 400
>Washington, D.C. 20006
>(202) 372-9600
>lauren.bolcar@quarles.com
>
>*Attorneys for Jessica Grailer*

QB\179859.00001\88606434.1